■ In the Matter of TOBY GREENSPAN, Respondent. IRVING GREENSPAN, Appellant.— Appeal from so much of an order entered March 3, 1959 sustaining, after a hearing, a writ of habeas corpus, awarding custody of a child to respondent, her mother, for a period of six months, granting leave to respondent to make application for complete custody after six months, and granting appellant, the child's father, visitation rights and custody for three consecutive weeks in July, as sustained the writ and awarded custody to respondent. The notice of appeal brings up for review an intermediate order entered March 2, 1959 denying appellant's motion for a new hearing or a hearing upon newly discovered evidence. Order entered March 3, 1959 insofar as appealed from reversed upon the law and the facts, without costs, writ dismissed, without costs, and without prejudice to a further application by respondent subsequent to July 1, 1960, if she be so advised. The respondent is awarded custody of the child from 3:00 P.M. on Friday of each week, at which time respondent will take the child from the home of the appellant, to Sunday at

6:00 P.M., said child to stay with respondent during such period of time at the home of respondent's sister, Regina Birk, in Yonkers, New York. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. Appeal from order entered March 2, 1959 dismissed, without costs, as academic. Under all the relevant facts and circumstances the current welfare of the child is best served by maintaining custody with appellant, with partial custody to respondent as described above. Nolan, P. J., Beldock and Ughetta, JJ., concur; Hallinan and Kleinfeld, JJ., concur insofar as the appeal from the order entered March 2, 1959 is dismissed, but dissent and vote to affirm the order entered March 3, 1959 insofar as appealed from, with the following memorandum: The decision of the Justice presiding at the Special Term was based upon his appraisal of the parties who appeared and testified before him as well as reliance upon the views of the two psychiatrists who had actually and most recently examined the respondent. In proceedings of this kind involving the custody of an infant of tender years, we are bound to rely upon the wisdom and experience of the Special Term, absent, as here, an abuse of discretion, in evaluating conflicting medical and lay testimony as to the best interests of the infant (*Matter of Jewish Child Care Assn.* [*Sanders*], 5 N Y 2d 222). On proof acceptable to the Special Term, the respondent's present recovery from earlier mental illness warranted the placement of the six-year-old infant with respondent, her mother (*Hochman* v. *Hochman*, 1 A D 2d 1015).